UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN SECURITY BANK & TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | NO. 3:11-cv-00096<br>Judge Haynes<br>Magistrate Judge Bryant |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**TO:  The Honorable William J. Haynes, Jr.**

## REPORT AND RECOMMENDATION

Defendant Progressive Casualty Insurance Company ("Progressive") filed its motion for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Docket Entry No. 5), to which Plaintiff American Security Bank & Trust Company ("American Security") responded in opposition, (Docket Entry No. 11). This motion has been referred to the undersigned Magistrate Judge for a report and recommendation. (Docket Entry No. 7).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant Progressive's motion to dismiss be **GRANTED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## STATEMENT OF THE CASE

Plaintiff American Security, a Tennessee corporation, filed an action against Defendant Progressive, an Ohio insurance corporation qualified to conduct business in Tennessee, in the Chancery Court for Sumner County, Tennessee which was later removed to this Court. (Docket

-1-

Entry No. 1). Plaintiff's Complaint alleges breach of an insurance contract and bad faith wrongful denial of Plaintiff's insurance claim under the Directors and Officers Liability Policy, Policy No. 10059256-00, issued by Progressive. (Docket Entry No. 1-1 at 5, 6).

Plaintiff American Security has requested this Court enter a judgment against Defendant Progressive for all past, present, and future defense costs incurred in defending a Complaint filed against American Security by David Resha. (Docket Entry No. 1-1 at 8). Additionally, Plaintiff is seeking a 25% penalty to be levied against Defendant pursuant to section 56-7-105(a) of the Tennessee Code as well as other damages, costs and expenses. (Docket Entry No. 1-1 at 8).

Defendant moves this Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 5). Defendant, in its memorandum in support of its motion to dismiss, argues that no coverage is provided to American Security under the clear and unambiguous language of the Directors and Officers Liability Policy for claims made against it in the Resha Litigation. (Docket Entry No. 6 at 9). As a result, Defendant asserts that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. (Docket Entry No. 6 at 9).

## SUMMARY OF PERTINENT FACTS

On October 20, 2009, David Resha, a current shareholder, and former Chairman, Director, and Chief Executive Officer of American Security, filed suit in the Chancery Court of Sumner County, Tennessee against American Security for alleged violations of law and fiduciary duty. (Docket Entry Nos. 1-1 at 2, ¶ 2; 4-2 at 2, ¶¶ 6, 7). Resha's specific allegations against American Security involve an alleged breach of American Security's bylaws and the right to inspect American Security's books and records. (Docket Entry No. 4-2 at 7, 8). American Security, the entity, is the

only named Defendant in Resha's Complaint. (Docket Entry No. 4-2).

American Security notified Progressive of the Resha Complaint during 2009 and asked Progressive to reimburse defense costs per the Directors and Officers Liability Policy in July 2010. (Docket Entry No. 1-1 at 5, 6). American Security asserts that the Resha Complaint alleges bad faith actions and breach of fiduciary duty by directors of American Security, (Docket Entry Nos.1-1 at 2; 4-2 at 5). Moreover, American Security asserts it has incurred defense costs in connection with Resha's claim against American Security as the named party, as well as impliedly against members of the Board of Directors as Insured Persons. (Docket Entry No. 1-1 at 2, ¶ 4). Finally, American Security posits that Resha filed his Complaint as a shareholder, making his suit a derivative action subject to indemnification. (Docket Entry Nos. 1-1 at 2; 4-2 at 2, 6-7). Subparagraph (3) of the "Insured vs. Insured Exclusion" provision of the Directors and Officers Liability Policy expressly covers derivative actions, though subject to limitations. (Docket Entry Nos. 4-1 at 25; 11 at 6). American Security has noted that the amount of defense costs expended by the company in defending the Resha Complaint exceeds $250,000, and American Security continues to incur defense costs associated with the Resha lawsuit. (Docket Entry No. 1-1 at 6, ¶ 19).

Progressive has refused to reimburse American Security for its defense costs, stating that the Directors and Officers Liability Policy does not provide coverage for American Security under the facts and circumstances of the underlying claim filed by Resha. (Docket Entry No. 5). Specifically, Progressive noted that no officers or directors of American Security were named in Resha's Complaint. (Docket Entry No. 6 at 2).

The applicable provisions of the applicable Directors and Officers Liability Policy, No. 10059256-00, are as follows:

SECTION I - INSURING AGREEMENTS

A. INSURED PERSONS LIABILITY COVERAGE - The <u>Insurer</u> will pay on behalf of the <u>Insured Persons</u>, <u>Loss</u> resulting from <u>Claims</u> first made during the <u>Policy Period</u> or the Discovery Period against the <u>Insured Persons</u> for <u>Wrongful Acts</u> for which the <u>Insured Persons</u> are legally obligated to pay . . ..

B. COMPANY INDEMNIFICATION COVERAGE - The <u>Insurer</u> will pay on behalf of the <u>Company</u>, <u>Loss</u> resulting from <u>Claims</u> first made during the <u>Policy Period</u> or the Discovery Period against the <u>Insured Persons</u> for <u>Wrongful Acts</u> for which the <u>Company</u> has agreed to or is legally required by law to indemnify the <u>Insured Persons</u>.

\* \* \*

SECTION IV - DEFINITIONS

<u>Claim</u> . . . means any of the following instituted against an <u>Insured Person</u> or against the <u>Company</u>, but only to the extent coverage is granted to the <u>Company</u>: . . .
   (2) a civil proceeding commenced by the service of a complaint or similar pleading; . . . for a <u>Wrongful Act</u>[.] . . .

<u>Defense Costs</u> means reasonable and necessary legal fees and expenses incurred in defending or investigating any <u>Claim</u>[.] . . .

<u>Insured</u> . . . means the <u>Insured Persons</u> or the <u>Company</u> if coverage for the <u>Company</u> is set forth by Insuring Agreement made part of this <u>Policy</u>.

<u>Insured Person</u> . . . means any past, present or future directors, member of the board of trustees, officer, [or] <u>Employee</u> . . . of the <u>Company</u>. . . .

<u>Loss</u> means <u>Defense Costs</u> and any amount which the <u>Insured</u> is legally obligated to pay resulting from a <u>Claim</u>[.] . . .

<u>Wrongful Act</u> . . . means any actual or alleged error, omission, misstatement, misleading statement, neglect or breach of duty by:
   (1) any <u>Insured Person</u> in the discharge of their duties while acting solely in the capacity as such; . . . or
   (3) the <u>Company</u> or any person or entity for which the <u>Company</u> is legally responsible, but only to the extent that coverage is granted to the <u>Company</u> by Insuring Agreement made a part of this <u>Policy</u>.

SECTION V - EXCLUSIONS APPLICABLE TO ALL INSURING AGREEMENTS

\* \* \*

> Insured vs. Insured Exclusion - The Insurer shall not be liable to make any payment for Loss in connection with any Claim by, on behalf of, or at the behest of the Company . . . or any Insured Person in any capacity except where such a claim is brought and maintained: . . .
>> (3) by a security holder of the Company as a derivative action on behalf of the Company . . . provided such Claim is brought independently of, and totally without the solicitation, assistance, participation, or intervention of any Insured[.]

(Docket Entry No. 4-1 at 18-25) (emphasis in original).

## ANALYSIS

A. <u>Standard of Review</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The rule permits a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). To determine whether a motion to dismiss should be granted, the court examines the complaint, which must contain a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Mezibov, 411 F.3d at 716. A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." Id. at 555, 570; see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).

"Although normally a court must disregard matters outside the pleadings in ruling upon a motion to dismiss under Rule 12(b)(6), a document is properly considered on such a motion when it is 'referred to in the complaint and . . . central to the plaintiff's claim[.]'" Alvord Inv., LLC v. Hartford Fin. Serv. Group, Inc., 660 F. Supp. 2d 850, 853 (W.D. Tenn. 2009) (quoting Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999) (noting that documents that are "not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings.")). As a result, the Court may consider the Directors and Officers Liability Policy in question, No. 10059256-00, as well as the Resha Complaint against American Security in ruling on the motion to dismiss, without requiring its conversion to a Rule 56 motion.

B.  Interpretation of Insurance Policies under Tennessee Law[1]

Tennessee law provides that "[i]n general, the interpretation of an insurance policy is a question of law and not fact," Charles Hampton's A-1 Signs, Inc. v. Am. States Ins. Co., 225 S.W.3d 482, 487 (Tenn. Ct. App. 2006), and the same rules governing interpretation of other contracts are to be applied, Am. Justice Ins. Reciprocal v. Hutchinson, 15 S.W.3d 811, 814 (Tenn. 2000). Therefore, when interpreting an insurance policy, a court must look to "the four corners of the instrument to ascertain its meaning as an expression of the parties' intent" and give the words of the policy "their usual, natural, and ordinary meaning." VanBebber v. Roach, 252 S.W.3d 279, 284

---

[1] Neither party expressly states that Tennessee law should apply to this case, though both parties rely on portions of the Tennessee Code in framing their arguments. From the limited record before it, the Court finds that Tennessee law should govern American Security's claims as the policy contains no choice of law provision, and the policy documents indicate that American Security obtained the policy through an insurance broker in Knoxville, Tennessee. See Alvord, 660 F. Supp. 2d at 854 n.6 (citing Standard Fire Ins. v. Chester O'Donley & Assoc., Inc., 972 S.W.2d 1, 5 & n.1 (Tenn. Ct. App. 1998) ("In the absence of an enforceable choice of law clause, Tennessee courts apply the substantive law of the state in which the [insurance] policy was issued and delivered.")).

(Tenn. Ct. App. 2007); see Naifeh v. Valley Forge Life Ins. Co., 204 S.W.3d 758, 768 (Tenn. 2006).

Where the language of an insurance policy is ambiguous or can be reasonably found to have more than one meaning, Tennessee law dictates that the ambiguity be construed against the insurer and in favor of the insured. Naifeh, 204 S.W.3d at 768. This is particularly important when ambiguous language purports to limit coverage. Osborne v. Mountain Life Ins. Co., 130 S.W.3d 769, 773 (Tenn. 2004). While provisions in an insurance policy excluding coverage are to be strictly construed against the insurer, courts must honor the intent of an exclusion when the purpose is apparent. Nat'l Ins. Ass'n v. Simpson, 155 S.W.3d 134, 138 (Tenn. Ct. App. 2004); cf. Harvey v. Farmers Ins. Exch., 286 S.W.3d 298, 302 (Tenn. Ct. App. 2008) (holding that the general rule where exceptions, exclusions, and limitations in insurance policies are to be construed against the insurer is inapplicable where there is no ambiguity).

C.  Directors and Officers Liability Insurance Policies

Directors and Officers Liability Policies ("D&O" policies) "exist to fund indemnification covenants that protect corporate directors and officers from personal liability, not to protect the corporation by which they are employed." Med. Mut. Ins. Co. of Me. v. Indian Harbor Ins. Co., 583 F.3d 57, 59 (1st Cir. 2009); see also Telxon Corp. v. Fed. Ins. Co., 309 F.3d 386, 387-88 (6th Cir. 2002) (describing a D&O liability policy). These policies do not extend coverage to "situations in which the directors and officers are not themselves the actual targets of the claims made" as this would change a limited D&O policy into a comprehensive corporate liability policy. Indian Harbor, 583 F.3d at 59. Moreover, such a change would violate the intent of a D&O policy and would run counter to the policy words' usual, natural, and ordinary meaning. Id.

1.  Complaint's Claims Against Unnamed Directors and Officers

In the definitions section of the D&O policy in question, a "Claim" is defined as a "civil proceeding commenced by the service of a complaint . . . instituted against an <u>Insured Person</u> or against the <u>Company</u>[.]" (Docket Entry No. 4-1 at 20) (emphasis in original). Furthermore, an "Insured Person" is defined as "any past, present or future director, member of the board of trustees, officer, [or] Employee . . . of the Company." (Docket Entry No. 4-1 at 21) (emphasis in original removed).

In the action at hand, American Security is alleging a right to indemnification by Progressive for defense costs incurred in the Resha litigation. If Resha had filed a complaint naming any director or officer as a defendant, it would be clear, at this stage of the analysis, that a Claim would exist against that director or officer as an Insured Person as defined by the D&O policy language quoted above. Here, however, to find that the Resha Complaint was in fact a Claim "instituted against" directors and officers of American Security, when those directors and officers are not named as defendants in the Complaint, the Court would be required to find the words "instituted against" to be ambiguous. After considering the usual, natural, and ordinary meaning of these words, there is no ambiguity to be found, and any premise to the contrary must be rejected. <u>See Indian Harbor</u>, 583 F.3d at 62 (finding that where a complaint alleges "a series of wrongful acts on the part of [corporate] directors and officers," yet fails to target any director or officer as a named defendant, the complaint is, in effect, broadly construing the words "made against" in a D&O policy's definition of "Claim" beyond its plain meaning).

No officer or director is named as a defendant in the Resha Litigation. Because the D&O policy in question does not extend coverage to "situations in which the directors and officers are not themselves the actual targets of the claims made," no coverage exists for claims against American

-8-

Security alone under this policy. See Indian Harbor, 583 F.3d at 59. To find otherwise would violate the intent of this D&O policy and effectively change it into a comprehensive corporate liability policy. Therefore, there are sufficient grounds to require dismissal of the claims against Defendant Progressive based on the form of the underlying Resha Complaint.

2. Even if Coverage Existed Under the D&O Policy, American Security Is Not Entitled to the Derivative Action Exception to the Insured vs. Insured Exclusion

The Resha Litigation is the underlying issue in American Security's Complaint against Progressive. Neither party disputes that Resha was a director of American Security. As a director, past or present, Resha clearly falls within the ambit of the D&O policy's defined term "Insured Person." (Docket Entry No. 4-1 at 21). As a result, Resha also clearly is considered an "Insured" per the policy's defined term. Id. Therefore, any lawsuit against American Security or one of its officers or directors brought by Resha falls squarely within the "Insured vs. Insured" exclusion from coverage under the D&O policy. (Docket Entry No. 4-1 at 25); see also Thomas Eng'g Co. v. Twin City Fire Ins. Co., 2010 WL 4979106, at *4 (D. Minn. Dec. 2, 2010) (determining a former director's filing of a lawsuit against the plaintiff fell under the "Insured vs. Insured" exclusion provision of a D&O policy).

Looking at the plain language of the "Insured vs. Insured" exclusion provision, the "Insurer shall not be liable to make any payment for Loss[, including defense costs,] in connection with any Claim by . . . any Insured Person in any capacity[.]" (Docket Entry No. 4-1 at 25). Here, the exclusion provision applies to the underlying action as American Security seeks indemnification for defense costs in connection with the claim filed by Resha, an Insured Person. Therefore, for American Security's claim to survive the 12(b)(6) motion, an appropriate exception to the "Insured vs. Insured" exclusion must be found.

American Security argues that even though it was the only named defendant, Resha filed his Complaint as a shareholder, making his suit a derivative action subject to indemnification under exception (3) of the "Insured vs. Insured" exclusion provision of the D&O policy.  Specifically, the "<u>Insurer</u> shall not be liable . . . except where such <u>Claim</u> is brought and maintained . . . by a security holder of the <u>Company</u> as a derivative action on behalf of the <u>Company</u> . . . provided such <u>Claim</u> is brought independently of, and totally without the solicitation, assistance, participation, or intervention of any <u>Insured</u>[.]" (Docket Entry No. 4-1 at 25).  Resha has been identified as a shareholder, director, and officer of American Security.  His purported derivative action claims stem from an alleged breach of fiduciary duty by the Board of Directors and Resha's right to inspect American Security's books and records.  Generally, it would be necessary to analyze whether these claims are properly a derivative action or a direct action by Resha as a shareholder.  A plain language reading of the D&O policy at issue eliminates this requirement.  Subparagraph (3) requires that derivative action claims be brought "independently of, and totally without the . . . participation . . . of any <u>Insured</u>[.]" <u>Id.</u>  Any derivative action claims asserted on behalf of American Security were asserted by Resha.  As shown above, Resha is an "Insured Person" due to his role as a director.  Because, as defined in the D&O policy, the term "Insured" incorporates all "Insured Persons," Resha's purported derivative action is <u>not</u> independent of, nor totally without the participation of any "Insured."  Resha himself is the "Insured."  As a result, the claims by American Security in the underlying action fall outside the derivative action exception by definition because of Resha's participation and assistance, rendering the "Insured vs. Insured" exclusion effective.  <u>See</u> <u>Thomas Eng'g</u>, 2010 WL 4979106, at *5 (determining no derivative action exception applied to the "Insured vs. Insured" exclusion of a D&O policy as a derivative action filed by a former officer involved the

participation of the former officer).

In sum, because no officer or director is named as a defendant in the Resha Litigation, there are sufficient grounds to require dismissal of the claims against Defendant Progressive for lack of coverage under the insurance contract. Moreover, to the extent that a claim has been made against the directors and officers of American Security in substance, though not in form, Resha's participation in the litigation against American Security as a former director prevents the derivative action exception to the "Insured vs. Insured" exclusion provision from applying. Therefore, the undersigned concludes that Plaintiff American Security's claims against Defendant Progressive should be dismissed.

## **RECOMMENDATION**

In light of the foregoing, the Magistrate Judge recommends that Defendant Progressive's 12(b)(6) motion to dismiss be **GRANTED** and the complaint against it be **DISMISSED**.

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Millon, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 24th day of June, 2011.

                                                       s/ John S. Bryant
                                                       JOHN S. BRYANT
                                                       UNITED STATES MAGISTRATE JUDGE